**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PERRIGO RESEARCH & DEVELOPMENT COMPANY<br>515 Eastern Avenue<br>Allegan, MI 49010,<br><br>    Plaintiff,<br><br> v.<br><br>UNITED STATES FOOD<br>AND DRUG ADMINISTRATION,<br>200 Independence Avenue, S.W.<br>Washington, DC 20201,<br><br>    Defendant. | Case No. _____ |

# COMPLAINT

Plaintiff, Perrigo Research & Development Company ("Perrigo"), for its complaint against Defendant, the U.S. Food and Drug Administration ("FDA" or the "Agency"), alleges as follows:

## NATURE OF ACTION

1. This is an action for declaratory, injunctive, and other relief. This action arises from FDA's refusal to take timely action under: the Federal Food, Drug, and Cosmetic Act ("FDC Act"), 21 U.S.C. §§ 301 *et seq.*, as amended by the Drug Price Competition and Patent Term Restoration Act of 1984, Pub. L. No. 98-417, 98 Stat. 1585 (codified as amended at 21 U.S.C. § 355 and 35 U.S.C. § 271) ("Hatch-Waxman

Amendments"), and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Pub. L. No. 108-173, 117 Stat. 2066.

2. This action asserts claims under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 501-706., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and seeks redress for FDA's refusal to act on a request by Perrigo to confirm that a Consent Judgment and Decree, entered on September 20, 2017, is legally insufficient to commence the running of a 75-day period that will expire on December 4, 2017 because the September 20 Consent Judgment does not include any finding of the court that any patent is invalid or not infringed.

3. On or after December 4, 2017, absent intervention by this Court, Perrigo is at risk that it will be considered by the FDA to have forfeited its eligibility for a 180-day period of generic drug marketing exclusivity ("180-day generic exclusivity") as a "first applicant" unless it has commercially marketed its drug product prior to then, something that Perrigo had not been planning, and should not be required, to do.

4. Perrigo submitted ANDA 204152 to FDA on March 30, 2012 referencing AstraZeneca's Prilosec OTC Delayed-Release Tablets (NDA 021229).

5. ANDA 204152 contains Paragraph IV certifications to both U.S. Patent Nos. 6,403,616 ("the '616 patent") and 6,428,810 ("the '810 patent"), the two patents listed in the Orange Book for AstraZeneca's Prilosec OTC Delayed-Release Tablets.

6. FDA timely approved ANDA 204152 on July 30, 2015. "FDA informed Perrigo at that time that Perrigo was eligible for 180-day marketing exclusivity because Perrigo was the first company to file a substantially complete ANDA for the product with

a Paragraph IV certification to patents listed in FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* (Orange Book) for the Reference Listed Drug ("RLD") (Prilosec OTC)." *See* Exhibit 1 at 1 n.1 (Letter from Maryll W. Toufanian, Director (Acting), Office of Generic Drug Policy, FDA, to Kurt R. Karst, Counsel to Perrigo (Nov. 17, 2017)) (hereinafter "November 17 Letter").

7. Perrigo has not yet marketed its generic omeprazole magnesium drug product, and therefore, Perrigo's period of 180-day generic exclusivity has not yet commenced. *Id.*

8. Aurobindo Pharma Limited and Aurobindo Pharma Inc. (collectively, "Aurobindo"), obtained tentative approval of its ANDA 206877 for Omeprazole Magnesium Tablets (OTC), 20 mg base, on June 16, 2016. Aurobindo's application cannot receive final approval until the expiration of Perrigo's 180-day generic exclusivity, unless Perrigo forfeits that exclusivity—which Perrigo has not.

9. Through a consent judgment signed on September 20, 2017 (the "September 20 Consent Judgment")—but only available to Perrigo on October 10, 2017 after Perrigo intervened and moved to unseal the consent judgment—Aurobindo sought to trigger a "failure-to-market" forfeiture provision, pursuant to which a first applicant, such as Perrigo, can forfeit eligibility for 180-day generic drug exclusivity.

10. The forfeiture provision in question in this case is found in FDC Act § 505(j)(5)(D)(i)(I)(bb)(BB). It provides that a first applicant forfeits eligibility for 180-day generic exclusivity by the "later of" two bookend dates, the second of which is relevant here because the first bookend date has already occurred. Specifically, the

3

statute provides that the second bookend date, which can occur "with respect to the first applicant or any other applicant (which other applicant has received tentative approval)," is the date that is:

> (bb) . . . 75 days after the date as of which, as to each of the patents with respect to which the first applicant submitted and lawfully maintained a certification qualifying the first applicant for the 180-day exclusivity period . . .
> (BB) In an infringement action or a declaratory judgment . . . a court signs a settlement order or consent decree that enters a final judgment that includes a finding that the patent is invalid or not infringed.

*See* 21 U.S.C. § 355(j)(5)(D)(i)(I)(bb).

11. The September 20 Consent Judgment contains no finding that the relevant patents (the '616 and '810 patents) are invalid or not infringed by Aurobindo's application. Indeed, it does not identify any patents. Instead, the September 20 Consent Judgment contains a very different type of conclusion, namely that pursuant to a license granted in a non-public settlement agreement, Aurobindo can (once its application is approved by FDA) market its product with the consent of AstraZeneca.

12. In relevant part, the September 20 Consent Judgment states:

> ***In light of the license*** granted under Article 5 of the Settlement Agreement, the Court enters final judgment in Civil Action No. 3:16-cv-07330-MLC-TJB that the making, having made, using, selling, offering to sell, importing or distributing of the Aurobindo Product by Aurobindo or any of its Affiliates, successors and assigns does not infringe the AstraZeneca Patents.

*See* Exhibit 2 (Consent Judgment and Decree at 2, *Aurobindo Pharma Ltd. v. AstraZeneca*, No. 3:16-cv-05079-PGS-TJB (D.N.J. filed Sept. 21, 2017), ECF No. 43) (emphasis added).

4


Case 1:17-cv-02517-ABJ   Document 1   Filed 11/21/17   Page 5 of 10


13. While Perrigo is confident that the September 20 Consent Judgment does not satisfy the standard that Congress set as a threshold for triggering the 75-day period that could lead to a failure-to-market forfeiture, because of the value of the 180-day period of generic exclusivity, on October 18, 2017, Perrigo sought confirmation from FDA that the 75-day period that could result in exclusivity forfeiture had not started to run. *See* Exhibit 3 (Letter from K. Karst to R. Wood and M. Toufanian (October 18, 2017)).

14. Since that date, Perrigo has diligently sought information from FDA regarding whether and when it would provide clarity to Perrigo in advance of the date on which it could be deemed by FDA to have forfeited exclusivity. Perrigo requested a response from FDA within two weeks of its letter. Between the end of October and now, counsel for Perrigo has repeatedly contacted FDA to inquire whether and when FDA would respond. On November 17, counsel for FDA informed counsel for Perrigo that FDA would respond to Perrigo's letter of October 18 that same day.

15. On November 17, 2017 at 3:52 pm, FDA did respond and told Perrigo that "FDA does not intend to decide your forfeiture question at this time, and will do so, if necessary, if and when we are ready to approve a subsequent [ANDA] for omeprazole magnesium." November 17 Letter at 1.

16. The November 17 Letter asserts that the Agency's refusal to decide this issue is "consistent with longstanding policy and practice." *Id.* FDA further asserts:

> One reason for this practice is to avoid expending limited agency resources on exclusivity and forfeiture decisions when subsequent events may render those decisions moot. . . . For example, a forfeiture decision would become

moot if no other ANDA applicant is ready for approval until the 180-day exclusivity period has expired. . . . As another example, a decision that a consent judgment falls within section 355(j)(5)(D)(i)(I)(bb)(BB) would become moot if the first-filed applicant were to begin marketing the product within 75 days of the consent judgment.

*Id.* at 2.

17. Despite FDA's implication that the question posed is some unsettled and distant event, Aurobindo has made numerous statements in recent weeks, including statements to customers, that it expects to launch its generic OTC omeprazole magnesium tablets product in early2018. A launch in early 2018 would be consistent with final approval from FDA on or about December 4, 2017. *See* Exhibit 4 ¶ 9 (Decl. of Jeffrey Needham).

## PARTIES

18. Plaintiff Perrigo Research & Development Company is a Michigan corporation with its principal place of business at 515 Eastern Avenue, Allegan, Michigan 49010. Defendant, FDA, is an agency within the U.S. Department of Health and Human Services, an Executive Department of the United States government. FDA is an "agency" of the government within the meaning of the APA. 21 U.S.C. § 393; 5 U.S.C. § 551(1). FDA maintains offices at 200 Independence Avenue, S.W., Washington, D.C. 20201.

## JURISDICTION AND VENUE

19. This action arises under: the FDC Act, 21 U.S.C. §§ 301-399; the APA, 5 U.S.C. §§ 551-559, 701-706; and 2201-2202. The declaratory, injunctive, and other

relief requested by Plaintiff is authorized by 5 U.S.C. §§ 702, 705 and 706, and 28 U.S.C. §§ 2201-2202 and this Court's general equitable powers.

20.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331.

21.     This Court has personal jurisdiction over Defendant FDA because it resides within this District.

22.     Venue in this District is proper under 28 U.S.C. § 1391(e).

## HARM TO PERRIGO FROM FDA's UNREASONABLE DELAY

23.     Perrigo has suffered and continues to suffer actual, immediate, and irreparable harm from FDA.  180-day generic drug exclusivity is a valuable statutory right, and FDA's improper denial of that right, by way of an unlawful forfeiture determination, would irreparably injure Perrigo.  *See, e.g.*, *CollaGenex Pharms., Inc. v. Thompson,* No. 03-1405, 2003 U.S. Dist. LEXIS 12523, at *33-34 (D.D.C. July 22, 2003); *Mova Pharm. Corp. v. Shalala,* 955 F. Supp. 128, 131 (D.D.C. 1997), *aff'd,* 140 F.3d 1060 (D.C. Cir. 1998).

24.     At present, and even in the absence of an incorrect adverse decision, Perrigo is being harmed because it is unnecessarily being left in legal limbo by FDA.

25.     If FDA would have timely—but incorrectly—determined that that the Consent Judgment triggered the exclusivity forfeiture provision, Perrigo could have challenged that determination in this Court prior to December 4, and if unsuccessful in its court challenges, attempted to salvage its 180-day generic exclusivity by commercially marketing prior to December 4.  In such an instance, Perrigo would still have suffered serious harm because it would have been forced to trigger the running of its 180-day

generic exclusivity prior to the date it was prepared to launch its product, but at least it would have some certainty.

26. Instead of providing Perrigo with either certainty that its rights are secure or a meaningful opportunity to defend them, FDA has refused to act in advance of the December 4 deadline.

27. FDA's inaction is causing Perrigo actual, immediate, and irreparable harm for which Perrigo cannot obtain damages and for which there is no other relief other than that which can be provided by this Court.

## FDA's UNREASONABLE DELAY

28. FDA has known since at least October 18 (and likely earlier) of Aurobindo's ill-fated attempt to cause Perrigo to forfeit its 180-day generic exclusivity. The facts and law are clear, discrete, and fixed. There is no reason why FDA cannot and should not have already made a timely decision. *See* Exhibit 3.

29. Notwithstanding the above, FDA made it clear in the November 17 Letter that the Agency will not provide Perrigo with any information regarding potential forfeiture of its eligibility for 180-day generic exclusivity until after the date such exclusivity could be deemed forfeited.

30. Because FDA has unreasonably delayed in making a determination that it could and should have made weeks ago, this Court should timely decide the issue to provide the certainty that FDA is unwilling to provide.

## PLAINTIFF'S CLAIMS FOR RELIEF

### Count I: Violation of the FDC Act and APA

31. The allegations in paragraphs 1 to 30 are incorporated herein by reference.

32. 5 U.S.C. § 551(13) provides that "agency action" is defined as including those instances where an agency has failed to act.  5 U.S.C. § 702 authorizes a person suffering legal wrong because of agency action to seek judicial review.

33. FDA has unlawfully failed to render a determination whether the September 20 Consent Judgment meets the statutory requirements to trigger the 75-day failure-to-market period.

34. Because FDA has failed to render a timely decision, this Court should address the issue that FDA will not—and has refused to—address.

### Count II: Declaratory Judgment 28 U.S.C. §§ 2201-2202
### The September 20 Consent Judgment Did Not Trigger
### the 75-Day Failure-to-Market Period

35. The allegations in paragraphs 1 to 34 are incorporated herein by reference.

36. There is a case of actual controversy within the jurisdiction of this Court.

37. Perrigo seeks a declaration from this Court that the September 20 Consent Judgment does not meet the requirements of the FDC Act and did not trigger the 75-day period under the statute for Perrigo to commence marketing by December 3 or forfeit eligibility for 180-day generic exclusivity.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

38. Enter a declaratory judgment that the September 20 Consent Judgment does not contain a "finding" sufficient to trigger the running of a 75-day period during which Perrigo must launch its product or forfeit eligibility for 180-day generic exclusivity.

39. Award Plaintiff its costs and attorneys' fees.

40. Award such other relief as may be just and proper.

Dated: November 21, 2017          Respectfully submitted,

PERRIGO RESEARCH & DEVELOPMENT COMPANY

By:     /s/ J.P. Ellison
James P. Ellison (D.C. Bar No. 477931)
Kurt R. Karst (D.C. Bar No. 482615)
Hyman, Phelps & McNamara, P.C.
700 13th Street, N.W., Suite 1200
Washington, D.C. 20005
Phone: (202) 737-5600
Fax: (202) 737-9329

*Attorneys for Perrigo Research
& Development Company*